1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   ELONDA RENEE COLE,              )     NO. EDCV 10-954-DDP (AGR)
12             Petitioner,           )
13          v.                       )
14   PEOPLE OF THE STATE OF          )     ORDER TO SHOW CAUSE WHY
     CALIFORNIA,                     )     THIS ACTION SHOULD NOT BE
15                                   )     DISMISSED FOR FAILURE TO
                                     )     EXHAUST STATE REMEDIES
16             Respondent.           )
17   _____ )

18          For the reasons discussed below, the Court orders Petitioner to show

19   cause, on or before **July 29, 2010**, why the Court should not recommend

20   dismissal based on failure to exhaust state remedies.

21                                   **I.**

22                    **SUMMARY OF PROCEEDINGS**

23      **A.  Previous Petition for Writ of Habeas Corpus**

24          On February 12, 2010, Petitioner filed a previous Petition for Writ of

25   Habeas Corpus by a Person in State Custody.

26          On May 28, 2010, the District Judge entered an Order Adopting Magistrate

27   Judge's Report and Recommendation and a Judgment dismissing the petition

28   without prejudice for failure to exhaust state remedies.  *Elonda Rene Cole v.*

1  *Riverside Superior Court*, EDCV 10-223-DDP (AGR), Dkt. Nos. 6-7.  The Report
2  and Recommendation explained the exhaustion requirement and Petitioner's
3  failure to exhaust her state remedies before the California Supreme Court.  (Dkt.
4  No. 5 at 3-4.)

5  **B.  Current Petition for Writ of Habeas Corpus**

6  On June 28, 2010, Petitioner filed a Petition for Writ of Habeas Corpus
7  ("Petition") in this court.

8  The caption page of the Petition states it is filed in the "Superior Court of
9  California, Riverside County."  (Petition at 1.)  Petitioner is advised that her
10  petition was mailed to the federal United States District Court for the Central
11  District of California.  To the extent Petitioner seeks to file a petition for writ of
12  habeas corpus in the Riverside Superior Court, she must mail a petition to that
13  court.

14  On November 7, 2008, Petitioner was sentenced to nine years, four
15  months in state prison after being convicted of grand theft of a car by false
16  pretenses, second degree burglary, possessing/passing a fictitious check, identity
17  theft, possession of methamphetamine for sale, and possession of marijuana for
18  sale.  (Petition at 2); *People v. Cole*, 2010 Cal. App. Unpub. LEXIS 706, at *1
19  (2010).

20  On January 29, 2010, on direct appeal, the California Court of Appeal
21  remanded as follows: "The matter is remanded for the trial court to state reasons
22  for imposing consecutive terms on the check, identity theft and drug convictions
23  (counts 3-6), and if no reasons exist, to impose concurrent sentences for them."
24  *Id.* at *16.  Further, "[t]he trial court is directed to stay the sentence for the
25  burglary pursuant to section 654, and to note this in the minutes of the sentencing
26  hearing on remand and in the amended abstract of judgment."  *Id.* at *15-*16.  In
27  addition, the trial court was ordered to make corrections to the abstract of
28  judgment.  *Id.* at *16.

1    Petitioner did not seek review in the California Supreme Court.  (Petition at

2    5.)  Petitioner states she has not filed any state habeas petitions.[1]  (*Id.* at 6.)

3    According to Petitioner, she was re-sentenced on April 14, 2010.  (*Id.*)

## II.

## EXHAUSTION

6    The Petition was filed after enactment of the Antiterrorism and Effective

7    Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

8    in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059,

9    138 L. Ed. 2d 481 (1997).

10    The AEDPA provides that a petition for writ of habeas corpus brought by a

11    person in state custody "shall not be granted unless it appears that – (A) the

12    applicant has exhausted the remedies available in the courts of the State; or (b)(I)

13    there is an absence of available State corrective process; or (ii) circumstances

14    exist that render such process ineffective to protect the rights of the applicant."

15    28 U.S.C. § 2254(b)(1).

16    Exhaustion requires that Petitioner's contentions be fairly presented to the

17    state's highest court, in this case the California Supreme Court.  *James v. Borg*,

18    24 F.3d 20, 24 (9th Cir. 1994).   Petitioner bears the burden of demonstrating that

19    she described to the California Supreme Court both the operative facts and the

20    federal legal theory on which her claim is based.  *Duncan v. Henry*, 513 U.S. 364,

21    365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

22    Based on the Petition and on the Court's review of the state court's online

23    dockets, Petitioner has never presented any grounds for relief to the California

24    Supreme Court.  Petitioner states that she filed in this Court because, according

25    to her state-appointed counsel, the "California Supreme Court will not grant the

26    petition." (Petition at 6.)  Petitioner attaches a letter from her counsel dated

27

28        [1]   The Court has not located any petition filed by Petitioner before the
California Supreme Court in its online docket.

3

1   February 5, 2010, in which he states: "I do not think there is much chance that the

2   California Supreme Court will grant the petition."  (Petition, page 3 of attachment.)

3   However, counsel goes on to state: "If you decide to present the issue in federal

4   court by way of a federal petition for writ of habeas corpus, the issue must be first

5   presented to the California Supreme Court."  (*Id.*)

6       Petitioner's argument that her counsel believes the California Supreme

7   Court is not likely to grant her petition does not relieve her of the obligation to

8   exhaust her remedies before that court.  "An applicant shall not be deemed to

9   have exhausted the remedies available in the courts of the State, within the

10  meaning of this section, if he has the right under the law of the State to raise, by

11  any available procedure, the question presented."  28 U.S.C. § 2254(c).  The

12  United States Supreme Court has interpreted this provision to require a petitioner

13  to file a petition for writ of habeas corpus before a state supreme court even

14  though the state supreme court may exercise its discretion to decline to hear it.

15  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1

16  (1999) (even though petitioner "has no right to *review*" in the state supreme court,

17  "he does have a 'right . . . to raise' his claims before that court" and "[t]hat is all §

18  2254(c) requires"); *see Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158

19  L. Ed. 2d 64 (2004) (exhaustion of available state remedies includes "a state

20  supreme court with powers of discretionary review").

21      Thus, the Petition appears to be completely unexhausted and is subject to

22  dismissal without prejudice on that basis.  *See Rasberry v. Garcia*, 448 F.3d

23  1150, 1154 (9th Cir. 2006).

### III

### ORDER

26      IT IS THEREFORE ORDERED that, on or before ***July 29, 2010***, Petitioner

27  shall show cause why this Court should not dismiss the Petition based on failure

28  to exhaust state remedies.

4

1   ***If Petitioner does not respond to this Order to Show Cause, the***
2   ***Magistrate Judge will recommend dismissal of the Petition without***
3   ***prejudice based on failure to exhaust state remedies.***

4

5

6   DATED: June 29, 2010

        _____
        ALICIA G. ROSENBERG
7       United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28