1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   ELONDA RENEE COLE,                    )        NO. EDCV 10-954-DDP (AGR)
12                Petitioner,              )
13          v.                             )
14                                         )        ORDER TO SHOW CAUSE WHY
     PEOPLE OF THE STATE OF                )        THIS ACTION SHOULD NOT BE
15   CALIFORNIA,                           )        DISMISSED FOR FAILURE TO
                                           )        EXHAUST STATE REMEDIES
16                Respondent.              )
17   _____)

18          On July 13, 2010, Petitioner filed a First Amended Petition.

19          For the reasons discussed below, the Court orders Petitioner to show

20   cause, on or before **August 9, 2010**, why the Court should not recommend

21   dismissal based on failure to exhaust state remedies.

22                                        **I.**

23                        **SUMMARY OF PROCEEDINGS**

24   **A.  Previous Petition for Writ of Habeas Corpus**

25          On February 12, 2010, Petitioner filed a previous Petition for Writ of

26   Habeas Corpus by a Person in State Custody.

27          On May 28, 2010, the District Judge entered an Order Adopting Magistrate

28   Judge's Report and Recommendation and a Judgment dismissing the petition

1  without prejudice for failure to exhaust state remedies.  *Elonda Rene Cole v.*

2  *Riverside Superior Court*, EDCV 10-223-DDP (AGR), Dkt. Nos. 6-7.  The Report

3  and Recommendation explained the exhaustion requirement and Petitioner's

4  failure to exhaust her state remedies before the California Supreme Court.  (Dkt.

5  No. 5 at 3-4.)

6  **B. First Amended Petition for Writ of Habeas Corpus**

7  On June 28, 2010, Petitioner filed a Petition for Writ of Habeas Corpus

8  ("Petition") in this court.

9  On July 13, 2010, Petitioner filed a First Amended Petition ("FAP").

10  On November 7, 2008, Petitioner was sentenced to nine years, four

11  months in state prison after being convicted of grand theft of a car by false

12  pretenses, second degree burglary, possessing/passing a fictitious check, identity

13  theft, possession of methamphetamine for sale, and possession of marijuana for

14  sale.  (Petition at 2); *People v. Cole*, 2010 Cal. App. Unpub. LEXIS 706, at *1

15  (2010).

16  On January 29, 2010, on direct appeal, the California Court of Appeal

17  remanded as follows: "The matter is remanded for the trial court to state reasons

18  for imposing consecutive terms on the check, identity theft and drug convictions

19  (counts 3-6), and if no reasons exist, to impose concurrent sentences for them."

20  *Id.* at *16.  Further, "[t]he trial court is directed to stay the sentence for the

21  burglary pursuant to section 654, and to note this in the minutes of the sentencing

22  hearing on remand and in the amended abstract of judgment."  *Id.* at *15-*16.  In

23  addition, the trial court was ordered to make corrections to the abstract of

24  judgment.  *Id.* at *16.

25  ///

26  ///

27  ///

28  ///

2

1    Petitioner did not seek review in the California Supreme Court.  (FAP at 3.)

2    Petitioner has not filed any state habeas petitions in any state court.[1]  (*Id.* at 6.)

3    According to Petitioner, she was re-sentenced on April 14, 2010.

4                                           **II.**

5                                    **EXHAUSTION**

6    The Petition was filed after enactment of the Antiterrorism and Effective

7    Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

8    in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059,

9    138 L. Ed. 2d 481 (1997).

10    The AEDPA provides that a petition for writ of habeas corpus brought by a

11    person in state custody "shall not be granted unless it appears that – (A) the

12    applicant has exhausted the remedies available in the courts of the State; or (b)(I)

13    there is an absence of available State corrective process; or (ii) circumstances

14    exist that render such process ineffective to protect the rights of the applicant."

15    28 U.S.C. § 2254(b)(1).

16    Exhaustion requires that Petitioner's contentions be fairly presented to the

17    state's highest court, in this case the California Supreme Court.  *James v. Borg*,

18    24 F.3d 20, 24 (9th Cir. 1994).   Petitioner bears the burden of demonstrating that

19    she described to the California Supreme Court both the operative facts and the

20    federal legal theory on which her claim is based.  *Duncan v. Henry*, 513 U.S. 364,

21    365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

22    Based on the Petition and on the Court's review of the state court's online

23    dockets, Petitioner has never presented any grounds for relief to the California

24    Supreme Court.  In her original petition, Petitioner stated that she filed in this

25    Court because, according to her state-appointed counsel, the "California

26    Supreme Court will not grant the petition."  (Petition at 6.)  Petitioner attached a

27    _____

28    [1]   The Court has not located any petition filed by Petitioner before the
California Supreme Court in its online docket.

1   letter from her counsel dated February 5, 2010, in which he states: "I do not think

2   there is much chance that the California Supreme Court will grant the petition."

3   (Petition, page 3 of attachment.)  However, counsel goes on to state: "If you

4   decide to present the issue in federal court by way of a federal petition for writ of

5   habeas corpus, the issue must be first presented to the California Supreme

6   Court."  (*Id.*)

7        Petitioner's argument that her counsel believes the California Supreme

8   Court is not likely to grant her petition does not relieve her of the obligation to

9   exhaust her remedies before that court.  "An applicant shall not be deemed to

10  have exhausted the remedies available in the courts of the State, within the

11  meaning of this section, if he has the right under the law of the State to raise, by

12  any available procedure, the question presented."  28 U.S.C. § 2254(c).  The

13  United States Supreme Court has interpreted this provision to require a petitioner

14  to file a petition for writ of habeas corpus before a state supreme court even

15  though the state supreme court may exercise its discretion to decline to hear it.

16  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1

17  (1999) (even though petitioner "has no right to *review*" in the state supreme court,

18  "he does have a 'right . . . to raise' his claims before that court" and "[t]hat is all §

19  2254(c) requires"); *see Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158

20  L. Ed. 2d 64 (2004) (exhaustion of available state remedies includes "a state

21  supreme court with powers of discretionary review").

22       Thus, the FAP appears to be completely unexhausted and is subject to

23  dismissal without prejudice on that basis.  *See Rasberry v. Garcia*, 448 F.3d

24  1150, 1154 (9th Cir. 2006).

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III

### <u>ORDER</u>

IT IS THEREFORE ORDERED that, on or before ***August 9, 2010***, Petitioner shall show cause why this Court should not dismiss the Petition based on failure to exhaust state remedies.

***If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend dismissal of the Petition without prejudice based on failure to exhaust state remedies.***

DATED: July 14, 2010

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5